IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BUTTE COUNTY CREDIT BUREAU a corporation,<br>        Plaintiff,<br>        v.<br>JON B. HORNBACK AKA JON B. HORNBACK JR., individually and dba RIDGE CONSTRUCTION, LORI HORNBACK AKA LORETTA J. HORNBACK AKA LORETTA INGLEHART,<br>        Defendants.<br>LORETTA J. HORNBACK and JON B. HORNBACK, individually and dba RIDGE CONSTRUCTION,<br>        Cross-Complainants,<br>        v.<br>HEALTH NET LIFE INSURANCE COMPANY, ENLOE MEDICAL CENTER and Roes 1-20.<br>        Cross-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:08-cv-2108<br><br>ORDER[*] |

On September 15, 2008, Cross-Defendant Health Net Life Insurance Company ("Health Net") filed a motion to dismiss, in which

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

it argues ERISA preempts Cross-Complainants' cross-claims alleged under California law for indemnity, breach of contract and negligence; and, further, that ERISA does not confer standing on Cross-Complainants Jon Hornback and his business, Ridge Construction, to sue under Cross-Complainant Loretta Hornback's employer-provided health insurance policy. (Cross-Defendant Mot. at 7:7-12.) Cross-Defendant Enloe Medical Center filed a statement in non-opposition to the motion. Cross-Complainants filed an untimely opposition to the motion, and on October 8, 2008, filed a motion for leave to file a late opposition. The motion is denied, but since the late opposition is considered, the denial has no bearing on Health Net's motion to dismiss. Cross-Complainants argue in their opposition that there was no defect in the Cross-Complaint and alternatively if a dismissal order issues, they should be granted leave to file an amended Cross-Complaint. (Cross-Complainants Opp'n at 5:2-3.) For the reasons stated below, Health Net's September 15, 2008 motion to dismiss is granted.

"ERISA's preemption clause is deliberately expansive and contains one of the broadest preemption clauses ever enacted by Congress. The preemption clause [,prescribed in 29 U.S.C. § 1144(a),] states that provisions provided by ERISA shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir. 1993) (internal citations omitted) (holding ERISA preempts a California state wrongful death claim). See also Lea v. Republic Airlines, Inc., 903 F.2d 624, 631 (9th Cir. 1990)(holding Plaintiffs' state claims for negligence, breach of contract, and fraud were preempted by ERISA.) Accordingly, ERISA preempts Cross-Complainants'

California claims for indemnity, breach of contract, and negligence. Therefore, Health Net's motion to dismiss these claims against it is granted.  Since the claims are dismissed against Health Net, the standing issue concerning Cross-Complainants Jon Hornback and Ridge Construction need not be reached.

Lastly, Cross-Complainants seek Rule 11 sanctions in their untimely filed opposition.  The sanctions request is frivolous and is denied.

Cross-Complainants have ten days from the date on which this Order is filed to file an amended Cross-Complaint in which relief is sought under ERISA.

Dated:  October 14, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge